UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                     **Hon. Hugh B. Scott**

                v.                              11CR85A

                                                     **Report &**
                                                   **Recommendation**

Dewey Taylor, et al.,

                Defendants.

Before the Court are the respective omnibus motions filed on behalf of Dale Lockwood ("Lockwood") (Docket No. 65); Johnny Gibson ("Gibson")(Docket No. 70); Van Miller ("Miller") (Docket No. 71); John Smith ("Smith") (Docket No. 72); William Szymanski ("Szymanski") (Docket No. 73); Ricky Allen ("Allen") (Docket No. 74); Jeffery Achatz ("Achatz") (Docket Nos. 60 and 75); and Dewey Taylor ("Taylor") (Docket No. 76).[1]

**Background**

On March 2, 2011, the Grand Jury for the Western District of New York indicted Taylor, Smith, Allen, Gibson, Symanski, Achatz, Lockwood, Miller, Terrance Hall ("Hall"), Emanual E.

---

[1] The non-dispositive discovery issues raised in the respective motions are the subject of a separate Decision & Order.

Bell ("Bell"), Anthoney Burley ("Burley") and Frank Owens ("Owens") on charges of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. [Count 1]. Smith is also charged with two counts of maintaining a premises to manufacture and distribute cocaine in violation of 21 U.S.C. §856(a)(1) [Counts 2 and 3]; Smith and Allen are charged with maintaining a third premises to manufacture and distribute cocaine in violation of 21 U.S.C. §856(a)(1) [Count 4]. Smith is also charged with 17 counts of possession and intent to distribute cocaine in violation of 21 U.S.C. §841(a)(1) [Counts 5-21]. Hall is charged, along with Smith, with possession and intent to distribute cocaine in violation of 21 U.S.C. §841(a)(1) in Count 10; Allen is charged with Smith for the same offense in Count 19. In Count 22, Smith is charged with the possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. §924(c)(1). Taylor is charged with 13 Counts of transaction structuring in violation of 31 U.S.C. §§5324(a)(1), 5324(a)(3) and 5322(a) [Counts 23-35]. The indictment also contains forfeiture allegations relating to various motor vehicles, bank accounts, real property and cash pursuant to 21 U.S.C. §853(p) and 31 U.S.C. §5317(c)(1).

## Discussion

Oral argument as to the pending motions was initially heard by the Court on September 20, 2011. At that time, counsel for some of the defendants asserted that the review of the voluntary discovery was cumbersome due to the format in which it was produced. The Court provided the defendants with additional time to review the material and to make further motions if warranted. (Docket No. 83). No additional motions were filed.

**Dismissal of Count 1**

Defendant Miller argues that Count 1 of the indictment should be dismissed as being insufficient under the Fifth And Sixth Amendments to the United States Constitution to inform the accused of the nature and cause of the crimes charged. (Docket No. 71-3 at page 1). The defendant argues that the various search warrants and wiretap applications do not refer to Miller and that the charges against him appear to be based upon one intercepted telephone call on November 11, 2011. Miller asserts that "[m]eer voluntary participation in acts with alleged co-conspirators and the general knowledge of their intention to break the law is not a sufficient showing of intent." (Docket No. 71-1 at page 2).

Count 1 of the indictment charges Miller, along with 11 of the other defendants, with conspiring "to possess with intent to distribute, and to distribute, 5 kilograms or more of a mixture or substance containing cocaine" in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A) and §846. The indictment states that this activity began in or about 2006 and continued up to the date of the indictment. (Docket No. 1, page 2).

Pursuant to Federal Rule of Criminal Procedure 7(c)(1), an indictment must include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). The indictment "must sufficiently inform the defendant of the charges against him and provide enough detail" so that he may avoid being subjected to double jeopardy in a future prosecution based on the same set of events. United States v. De La Pava, 268 F.3d 157, 162 (2d Cir.2001). To survive a motion to dismiss, "'an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" United States v. Yannotti, 541 F.3d 112, 127 (2d

Cir.2008) (quoting United States v. Alfonso, 143 F.3d 772, 776 (2d Cir.1998)); see also United States v. Kalish, 403 Fed.Appx. 541, 544 (2d Cir.2010); United States v. Frias, 521 F.3d 229, 235 (2d Cir.2008)). "An indictment charging a count of conspiracy is sufficiently precise as to the time frame if the operative period of the conspiracy is set out." United States v. Edmonson, 962 F.2d at 1541; see United States v. Harrison–Philpot, 978 F.2d 1520, 1525 (9th Cir.1992) (indictment is sufficient when it places the illegal conduct "within an identifiable time frame"), cert. denied, 508 U.S. 929(1993). It is not necessary to specify the exact dates on which the defendants committed the alleged conspiratorial acts. United States v. Ellender, 947 F.2d 748, 756 (5th Cir.1991)(same). U.S. v. Ramos, 839 F.Supp. 781 (D.Kan. 1993)(same).

     The language of Count 1 of the indictment in this case sufficiently tracks the language of the statute to appraise the defendant of the nature of the charges against him. The indictment need not assert a specific overt act by the defendant. U.S. v. Murph, 2009 WL 4891958 (E.D.N.Y. 2009) citing United States v. Resendiz-Ponce, 549 U.S. 102, 107 (2007) (indictment need not "specifically allege a particular overt act" as a "substantial step"). In Murph, the indictment stated that the defendant, along with co-defendants and others "did knowingly and intentionally attempt to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)." U.S. v. Murph, 2009 WL 4891958 at * 1.  There, the Court held that language similar to that in the indictment in this case "put Defendant on notice of the attempt crime with which he was charged, and the statutes upon which the government relied" and was "sufficient to comply with the Federal Rules of Criminal Procedure, and not subject to dismissal." Id.

The language in the indictment in this case is sufficient to appraise the defendant of the charges against him. The motion to dismiss Count 1 of the indictment should be denied.

**Suppression of Statements by Lockwood and Gibson**

The defendants assert that the government has not revealed statements made by them to law enforcement personnel. Notwithstanding, the defendants reserve the right to move to suppress any such statements. (Docket No. 65 at page 2; Docket No. 70 at ¶ 41). In the event that such statements are identified, defendants Lockwood and Gibson have reserved their rights to seek suppression.

**Suppression of Non-Testifying Co-Conspirator Statements**

The defendants also seek to suppress post-arrest statements made by any non-testifying co-conspirator. (Docket No. 65 at page 3).

Generally, it is well established that the statements of co-conspirators are not discoverable under Rule 16(a). In re United States, 834 F.2d 283, 286 (2d. Cir. 1987); United States v. Percevault, 490 F.2d. 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631, 638 (W.D.N.Y. 1992). The Jencks Act provides the exclusive procedure for discovering statements that government witnesses have given to law enforcement agencies. U.S. v. Covello, 410 F.2d 536, 543 (2d. Cir.) cert. denied 396 U.S. 879 (1969). Some Courts have ordered disclosure of statements made by a co-conspirator, based upon the rationale that statements made by a co-conspirator in furtherance of the conspiracy may be treated as the defendant's own statements, if the co-conspirator is not a prospective government witness. Turkish, 458 F.Supp. at 882.

This request is premature inasmuch as there is no indication that the government has determined a witness list for trial in this case. Moreover, any hearing as to the admissibility of co-conspirator statements is more appropriately resolved by the District Court Judge presiding over the trial in this case.

**Suppression of Intercepted Communications**

Several of the defendants seek to suppress evidence obtained pursuant to any wiretaps utilized by the government in this case. Some of the defendants' motions state that, as of the time of the filing of the motions, they did not have an opportunity to review the applicable wiretap applications and warrants. (Docket No. 65 at page 49; Docket No. 73 at page 10). Although other defendants have made some attempt at asserting legal argument seeking suppression, the defendants' respective motion papers do not identify the specific wiretap applications being challenged or provide the Court with a record upon which the Court could adjudicate the motion to suppress the wiretap evidence. Thus, in an Order dated January 12, 2012, the Court directed that any defendants seeking to suppress the wiretap evidence shall file supplemental papers identifying the specific wiretap warrant and application being challenged; attaching copies of the challenged warrants and warrant applications; and identify the factual and legal basis for any challenge to the wiretap warrants or the evidence obtained pursuant thereto. (Docket No. 88).[2] Pursuant to the January 12, 2012 Order, supplemental papers were to be filed

---

[2] As noted above, at the time the initial motions were filed, several of the defendants stated that they had not had sufficient time to review the voluminous discovery provided by the government. On September 23, 2011, the Court provided the defendants with an extended opportunity to review the discovery and to file additional motions if appropriate. (Docket No. 83). No additional motions were filed in response to the September 23, 2011 Order. The


as of February 10, 2012. None of the defendants have supplemented their papers or requested additional time to do so. It appears that the defendants have abandoned these claims. Thus, the respective motions to suppress wiretap evidence should be denied.[3]

**Conclusion**

Based on the above, it is recommended that the respective motions to dismiss and or suppress be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED**

---

defendants have not asserted that they needed more time to review the discovery in this case to comply with the Court's January 12, 2012 Order (Docket No. 88) requiring supplemental papers on the wiretap issues.

[3] To the extent that the defendants seek suppression of physical evidence on the grounds that it represents the "fruit of a poisonous tree, " due to the alleged illegality of the wiretap evidence (Docket No. 74), such motions should also be denied.

**HEREIN.**  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y.  Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y.  Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

> */s/ Hugh B. Scott*
> United States Magistrate Judge
> Western District of New York

Buffalo, New York
March 9, 2012