UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
11-CR-85-A

DEWEY TAYLOR,
a/k/a Road Rash,

Defendant.

---

## INTRODUCTION

Defendant Dewey Taylor was charged in a multi-count indictment with federal offenses including participating in a drug-trafficking conspiracy involving more than five (5) kilograms of cocaine and with structuring monetary transactions for the purpose of avoiding a reporting requirement. The trial of defendant Taylor and five co-defendants began on April 23, 2013 and lasted for approximately four weeks. Following the close of the government's proof, defendants moved for judgments of acquittal pursuant to Fed. R. Crim. P. 29. The Court denied the motions.

On May 28, 2013, the jury returned a verdict finding defendant Taylor guilty of the charges in the indictment.[1] Of the four co-defendants who remained in the case, three were acquitted of the drug conspiracy charge, the only charge they faced. The jury did not reach a unanimous verdict as to a fourth co-defendant on

---

[1] The Redacted Indictment is entered at docket number 235.

the drug conspiracy charge he faced.

Specifically, defendant Taylor was convicted of one count of conspiracy to possess with intent to distribute, and to distribute, five hundred grams or more of a mixture and substance containing cocaine in violation of 21 U.S.C. § 846. He was also convicted of seven counts of structuring monetary transactions to avoid a reporting requirement in violation of 31 U.S.C. § 5324.[2]

Following his convictions, defendant Taylor renewed his motion for a judgment of acquittal of the charges under Rule 29. The government filed a response in opposition. For the reasons stated below, defendant's motion for judgment of acquittal is denied.

## DISCUSSION

### I. The Rule 29 Standard

Federal Rule of Criminal Procedure 29 permits a trial court to enter a judgment of acquittal with respect to "any offense for which the evidence is insufficient to sustain a conviction." *See* Fed. R. Crim. P. 29(a), (c). A defendant who challenges the sufficiency of the evidence in a Rule 29 motion "bears a heavy burden," *United States v. Finley*, 245 F.3d 199, 202 (2d Cir. 2001), and must establish that "no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *See United States v. Reyes,* 302 F.3d 48, 52

[2] The Jury Verdict is entered at docket numbers 237 (redacted) and 238 (unredacted under seal).

(2d Cir. 2002). The test established by the Supreme Court for a Rule 29 motion is "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Temple*, 447 F.3d 130, 136 (2d Cir. 2006) (*quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In other words, "'[a] court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.'" *Id.* (*quoting United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999)).[3]

## II. <u>Drug Conspiracy Count 1</u>

Defendant Taylor argues that the government failed to sustain its burden as to his conviction for conspiracy to possess with intent to distribute, and to distribute, five hundred grams or more of a mixture and substance containing cocaine in violation of 21 U.S.C. § 846. Count 1 alleged that defendant began, sometime prior to 2006, and continued up to the return of the Indictment on March 2, 2011, to conspire with a number of known and identified individuals, and others

> to possess with intent to distribute, and to distribute, 5 kilograms or more of a mixture or substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). All in violation of Title 21 United States Code, Section 846.

---

[3] The mixed verdict of convictions, acquittals, and a deadlock is irrelevant to review of the sufficiency of evidence supporting the convictions. *United States v. Jespersen*, 65 F.3d 993, 998 (2d Cir. 1995).

Dkt. No. 235, p. 2. As the Court instructed the jury, the elements of the drug-trafficking conspiracy charge the government was required to establish beyond a reasonable doubt were: first, that two or more persons entered the unlawful agreement charged in the Indictment sometime prior to in or about 2006, continuing to on or about March 2, 2011; and second, the defendant knowingly became a member of the conspiracy. *See* 1 L. Sand, *et al., Modern Federal Jury Instructions-Criminal* ¶ 19.01, Instr. 19-3 (2013). "In order to convict a defendant of conspiracy, the government must prove both the existence of the conspiracy alleged and the defendant's membership in it beyond a reasonable doubt." *United States v. Chavez*, 549 F.3d 119, 125 (2d Cir. 2008) (*citing United States v. Huezo*, 546 F.3d 174, 180 (2d Cir. 2008)). "The essence of any conspiracy is, of course, agreement, and in order to establish a conspiracy, the government must show that two or more persons entered into a joint enterprise with consciousness of its general nature and extent." *Id.* (*citing United States v. Alessi*, 638 F.2d 466, 473 (2d Cir. 1980)).

Defendant Taylor argues the evidence admitted at trial was insufficient for the jury to return a guilty verdict against him on the drug-trafficking conspiracy count. Defendant stresses that, despite a large number of intercepted cellular telephone conversations, "only six or seven were argued to have involved [his] participation," Dkt. No. 209, p. 2, ¶ 5, and none of those recorded communications were directly about the distribution of cocaine. *Id.*

Defendant Taylor also suggests that the testimony of an accomplice witness, Ricky Allen, that defendant brought a kilogram of cocaine to Allen's house to break up for resale and to store, and that Allen observed defendant with co-conspirator John Smith counting money Allen understood to be proceeds of cocaine trafficking, should not have been believed by the jury. He also suggests that Allen's testimony is inconsistent with the jury's verdict on the amount of the cocaine involved in the conspiracy.

Although defendant Taylor disputes the sufficiency of the evidence against him, for Rule 29 purposes, the Court must "view the evidence in the light most favorable to the Government with respect to each element of the offense," *United States v. Mariani*, 725 F.2d 862, 865 (2d Cir. 1984), and must analyze the evidence "in its totality, not in isolation." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000). The essential question is whether, "after viewing the evidence in the light most favorable to the prosecution," the Court finds that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (*emphasis in original*). The Court may not assess witness credibility, resolve potential inconsistencies in testimony, or weigh the significance of evidence. *United States v. Autuori*, 212 F.3d at 114. "Assessments of witness credibility and choices between competing inferences lie solely within the province of the jury," *United States v. Payne*, 591 F.3d 46, 60 (2d Cir. 2010), because "it is the task of the jury, not the court, to choose among

competing inferences that can be drawn from the evidence," *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003). "These rules are necessary to avoid judicial usurpation of the jury function." *United States v. Mariani*, 725 F.2d at 865.

Defendant Taylor directly disputes the probative value of all the intercepted cellular telephone communications, of the accomplice testimony against him by Ricky Allen, including Allen's testimony that the defendant supplied cocaine to co-conspirator John Smith, but in assessing the sufficiency of the evidence in the context of a conspiracy conviction, "deference to the jury's findings is especially important . . . because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court." *United States v. Wexler*, 522 F.3d 194, 207 (2d Cir. 2008) (emphasis and internal quotation omitted). The Court recognizes that the intercepted cellular telephone communications were cryptic, and that, at times, Ricky Allen's direct testimony was not elicited in as clear a manner as it might have been, but the Court nevertheless finds there was legally sufficient evidence for the jury lawfully to convict defendant of the drug trafficking conspiracy in violation of 21 U.S.C. § 846. There was substantial evidence of the unlawful agreement charged in the Indictment, and substantial evidence that the defendant knowingly became a member of the conspiracy.

Defendant Taylor also argues that the jury's verdict that the amount of a mixture or substance containing cocaine involved in the conspiracy was 500 grams

or more was inconsistent with the jury having credited Ricky Allen's testimony that defendant brought a whole kilogram of cocaine to Allen's house to break up for resale. Dkt. No. 209, p. 3, ¶¶ 8-10. However, the jury was properly instructed at the close of the case that they needed unanimously to determine whether the weight of the mixture or substance containing cocaine was 5 kilograms or more, or if it was 500 grams or more, or if it was less that 500 grams. *See Alleyne v. United States*, 133 S.Ct. 2151 (2013) (fact triggering a mandatory- minimum sentence must be determined by the jury). The jury's finding that the relevant weight was 500 grams or more, but not 5 kilograms or more, *see* Dkt. No. 237, was therefore consistent with the jury having credited Ricky Allen's testimony about a single kilogram of cocaine and more. There was no internal inconsistency in the jury's finding of guilt on the lesser-included amount of 500 grams or more. Accordingly, for all of these reasons, defendant's Rule 29 motion for a judgment of acquittal on Court 1 is denied.

## II. Structuring Monetary Transactions Counts 2-8

Defendant Taylor was convicted of seven counts of structuring monetary transactions to avoid a reporting requirement in violation of 31 U.S.C. § 5324. Dkt. No. 235. Section 5324, the structuring statute, provides in pertinent part:

> No person shall, for the purpose of evading the reporting requirements of section 5313(a) ... or any regulation prescribed under any such section . . . (3) structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.

31 U.S.C. § 5324(a).

Defendant Taylor argues that no direct or circumstantial evidence was admitted during the trial to show that defendant "deliberately deposited money [into an account] in a fashion to avoid filing requirements, knowing of the filing requirements." Dkt. No. 209, p. 3, ¶ 17. He also argues that evidence admitted of two larger financial instruments payable to co-conspirator John Smith were unfairly prejudicial and inflamed the jury into concluding defendant had engaging in structuring transactions involving proceeds of the alleged drug-trafficking conspiracy charged in Court 1 of the Indictment.

The jury was instructed, among other subjects, that structuring a currency transaction occurs when a person, acting alone or with others, conducts one or more currency transactions, in any amount, at one or more financial institutions, on one or more days, for the purposes of evading a reporting requirement. The evidence showed defendant Taylor to be a liquor store owner who routinely engaged in commercial activities involving cash transactions that might have explained the seven sets of two or more cash deposit transactions aggregating more than $10,000 that would have prompted filing of a currency transaction report if not conducted separately. However, as noted earlier, "it is the task of the jury, not the court, to choose among competing inferences that can be drawn from the evidence." *United States v. Jackson*, 335 F.3d at 180. The defendant was found guilty of participating in a cocaine-trafficking conspiracy and on his Rule 29 motion

the Court considers evidence of his financial transactions among all the evidence "in its totality, not in isolation." *United States v. Autuori*, 212 F.3d at 114.

There are three elements to the crimes of structuring a currency transaction in violation of 31 U.S.C. § 5324 with which defendant Taylor was charged: first, that the defendant knew that a financial institution was legally obligated to report currency transactions in excess of $10,000; second, that the defendant engaged in the structuring of a currency transaction; and third, that the defendant acted with the intent to evade the reporting requirement. *See* 3 L. Sand, *et al., Modern Federal Jury Instructions-Criminal* ¶ 50B, Instr. 50B-20 (2013); *United States v. MacPherson*, 424 F.3d 183, 189 (2d Cir. 2005). The evidence may well be consistent with an innocent explanation of the transactions proven, but the Court will not usurp the jury's function of resolving the competing inferences based upon the evidence. *See MacPherson*, 424 F.3d at 189-90. There was legally sufficient circumstantial evidence to support the structuring convictions.

Defendant Taylor also argues that evidence of two instruments payable to drug-trafficking co-conspirator John Smith in 2006 were inflammatory and caused the jury to conclude that defendant had a role in financing co-conspirator John Smith's and others' cocaine trafficking. Defendant notes the instruments were marked as a loan, but that the proceeds remained in John Smith's account for approximately three and a half years and at least until the Indictment was returned.

The Court carefully considered the risk of unfair prejudice defendant Taylor

claimed when the instruments were admitted, and admitted evidence of the instruments only after balancing the risk of unfair prejudice against the probative value of the evidence of the instruments in the context of the nature of the activities of defendant, drug-trafficking co-conspirator John Smith, and other co-conspirators. The defendant's argument that the instruments inflamed the jury and prompted the jury to convict the defendant on the structuring charges is speculative and disregards the strict standard the Court applies on a Rule 29 motion.

## CONCLUSION

For the reasons stated, defendant Taylor's Rule 29 motion for judgment of acquittal is denied in its entirety.

**SO ORDERED.**

HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 19, 2013