UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,


                                                                  **ORDER**
        v.                                                        11-CR-85-A

DEWEY TAYLOR,
a/k/a Road Rash,

                                           Defendant.

_____

       The defendant, Dewey Taylor, is pending re-sentencing for his May 28, 2013

conviction, after trial, on one count of conspiracy to possess with intent to

distribute, and to distribute, five hundred grams or more of a mixture and substance

containing cocaine in violation of 21 U.S.C. § 846.  For the reasons stated during a

status conference today, the Court requires additional submissions from the

parties.

       Defendant Taylor objects to a drug-quantity relevant conduct calculation on

the ground that the calculation is not supported by sufficient evidence.  Dkt. Nos.

377, 378, 379.  The defendant also objects that he is entitled to a three-level

acceptance-of-responsibility downward adjustment.  *Id.*

       **1.  Drug Quantity Calculation.**  It is well-settled that relevant conduct under

the Sentencing Guidelines must be proven by  "specific evidence."  *See, e.g.,*

*United States v. Archer*, 671 F.3d 149, 165 (2d Cir. 2011) ("When the Guidelines

allow for punishment of relevant conduct as though it were convicted conduct, we

have a special obligation to ensure that the evidence of relevant conduct is solid.") The government shall provide the Court with all the evidence it contends supports findings: (1) of the amounts of relevant controlled substances or equivalent it contends were proven during the trial supported by specific references to the trial transcript and exhibits admitted in evidence; (2) references to other sources of information, with case law in support of the Court's consideration of those sources of information, that the government relies upon in support of the drug-quantity relevant conduct calculation[1].

The United States shall have until July 10, 2018, to file its submissions in support of the drug-quantity relevant conduct calculation, and in response to defendant Taylor's pending objections as to the drug-quantity relevant conduct. Defendant shall have until July 24, 2018, to respond on the United States' submissions on the drug-quantity relevant conduct calculation and to reply to the United States' submissions. The United States shall reply to the defendant's response, and its reply shall be filed on or before July 31, 2018.

The drug-quantity relevant conduct calculation recommended in the Presentence Investigation Report may have a significant impact on the applicable advisory Sentencing Guidelines range of imprisonment, if adopted by the Court. The parties are notified the Court will weigh the evidence of relevant conduct and may consider a downward departure if the evidence is legally sufficient, but not

---

[1] To the extent the parties show that investigative materials should be submitted under seal, the Court will grant motions to seal those portions of their submissions.

"solid."  *See United States v. Cordoba-Murgas*, 233 F.3d 704, 709 (2d Cir. 2000).

**2.  Acceptance of Responsibility Downward Adjustment.**  Defendant Taylor shall have until July 10, 2018, to file its submission in support of the defendant's request for a three-level acceptance of responsibility downward adjustment.  In addition to any evidentiary showing, defendant shall address: (1) whether the defendant's failure to plead guilty to Count 1 of the Indictment (Dkt. No. 235) alleging a conspiracy involving more than five kilograms of cocaine, when the defendant admits only one kilogram of cocaine trafficking, precludes the downward adjustment; (2) how the defendant is not frivolously contesting relevant conduct, *see* Guidelines Section 3E1.1, comment (n.1), *and* Dkt. No. 278, so as to preclude the downward adjustment; and (3) how the defendant is eligible for a third level of an acceptance of responsibility downward adjustment pursuant to Guidelines Section 3E1.1(b) after having gone to trial, and in the circumstances of this case.

The United States shall have until July 24, 2018, to respond to the defendant's submissions on the acceptance of responsibility issue.  The defendant shall reply to the United States' response, and his reply shall be filed on or before July 31, 2018.  Sentence will be imposed August 3, 2018 at 12:30 p.m.

**SO ORDERED.**

*Richard J. Arcara*

HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   June 19, 2018

3